[Cite as *Jamison Well Drilling, Inc. v. Pfeifer*, 2011-Ohio-521.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### CRAWFORD COUNTY

JAMISON WELL DRILLING, INC.,         CASE NO. 3-10-17

   PLAINTIFF-APPELLANT,

 v.

ED PFEIFER,                       O P I N I O N

   DEFENDANT-APPELLEE.

Appeal from Crawford County Municipal Court
Trial Court No. 09-CVF-00077

**Judgment Affirmed**

Date of Decision:   February 7, 2011

APPEARANCES:

   *Wm. Travis McIntyre* for Appellant

   *David R. Cory* for Appellee

**WILLAMOWSKI, J.**

{¶1} Plaintiff-appellant Jamison Well Drilling, Inc. ("Jamison") brings this appeal from the judgment of the Municipal Court of Crawford County awarding it judgment in the amount of Nine Hundred Seventy Dollars ($970.00) against defendant-appellee Ed Pfeifer ("Pfeifer"). For the reasons set forth below, the judgment is affirmed.

{¶2} In August of 2007, Jamison and Pfeifer entered into a contract in which Jamison would drill a well for Pfeifer. Pfeifer would pay Jamison Four Thousand One Hundred Thirty Dollars ($4,130.00) for this service and the supplies. The Ohio Department of Health requires that all wells have a minimum of 25 feet of casing. Due to problems with the well, Jamison only placed 11 feet of casing in the drilled well. However, Jamison completed the log documents indicating that the well contained 27 feet of casing. The well was then tested for bacteria by the Crawford County Health Department. The well failed the test. Jamison then proceeded to make alterations to the well in an attempt to pass the test. The alterations were unsuccessful and the well continued to fail the water tests. Eventually the Ohio Department of Health was called to investigate the well. The investigation revealed that the well casing length did not match the log and was not in compliance. As a result of the noncompliance, the Ohio Department of Health required that the well be abandoned and sealed.

{¶3} On January 23, 2009, Jamison filed a suit in the Municipal Court of Crawford County to recover $4,933.00 for the drilling of the well. Pfeifer filed his answer on March 19, 2009. A hearing was held on the matter on August 27, 2009. On January 29, 2010, the magistrate entered a decision in favor of Jamison in the amount of $970.00. Jamison filed its objections to the magistrate's decision on March 18, 2010. On May 24, 2010, the trial court entered its judgment overruling the objections and adopted the decision of the magistrate. Jamison appeals from this judgment and raises the following assignment of error

> **The magistrate in the above-captioned case ignored a straight forward signed agreement between [Jamison] and [Pfeifer] for services relative to a water well and granted judgment solely for a tank ignoring the remainder of the items of material and labor agreed upon between the parties.**

{¶4} In the sole assignment of error, Jamison argues that the trial court's judgment is not supported by the evidence because the magistrate ignored additional costs incurred by Jamison and contracted to by the parties. "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *Licking & Knox Community Mental Heath & Recovery Bd. V. T.B.*, 10th Dist. No. 10AP454, 2010-Ohio-3487, ¶4 quoting *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 376 N.E.2d 576.

{¶5} Here, the trial court reviewed the magistrate's decision. In doing so, the trial court made the following findings:

> **The parties in this case entered into a contract in August of 2007 in which the Plaintiff was to drill a well for the Defendant for Four Thousand One Hundred Thirty and 00/100 Dollars [$4,130.00]. There were additional charges and discounts applied to this figure which resulted in the Plaintiff seeking Four Thousand Nine Hundred Thirty-three and 00/100 Dollars [$4,933.00];**
>
> **Evidence presented at the hearing indicated that the Ohio Department of Health determined that the well was not in compliance with the State law and must be sealed. Due to this fact, there is sufficient evidence to indicate that the Plaintiff is not entitled to the full contract price.**
>
> **Despite not being entitled to a full contract price, the Plaintiff installed certain material on the Defendant's property. A review of "Exhibit B" (an invoice provided to the Defendant by the Plaintiff), reveals that a 400 gallon tank was installed by the Plaintiff. The cost of this tank was Nine Hundred Seventy and 00/100 Dollars [$970.00]. The Court concludes that the Magistrate determined that while the Plaintiff was not entitled to his full contract price, it would be unfair to allow the Defendant to keep the tank without paying for it under the concept of unjust enrichment.**

May 24, 2010 Judgment Entry, 3. Basically the trial court determined that since Jamison's actions caused the well to be in noncompliance and then took additional steps to hide this fact, Jamison is responsible for the well having to be abandoned and sealed. Although Pfeifer assumed the risk that the well would be unusable due to low production of water, he contracted for a well that would comply with all statutory and administrative requirements. This well had to be abandoned

because it did not comply with Ohio law. There was no evidence presented that Pfeifer assumed the risk that the well would have to be abandoned due to noncompliance. Thus, Jamison is not entitled to recover for the labor and materials as set forth in the contract as the contract was not completed as intended.

{¶6} However, the trial court concluded, as did the magistrate, that Jamison should be permitted to recover the cost of the storage tank which Pfeifer was able to use. The value of the tank was set forth in Exhibit B which was admitted into evidence. Pfeifer testified that he was using the tank. There is competent, credible evidence in the record to support the findings of the trial court. Therefore, the trial court did not abuse its discretion in reaching its decision and the assignment of error is overruled.

{¶7} The judgment of the Municipal Court of Crawford County is affirmed.

*Judgment Affirmed*

**SHAW and PRESTON, J.J., concur.**

**/jnc**